LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10931 GAF (VBKx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Phebe Bohart et al v. DirecTV LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

  Plaintiffs Phebe Bohart ("Bohart"), Ronald Hicks ("Hicks"), and Dawn Dimanno ("Dimanno") (collectively "Plaintiffs") bring this putative class action against Defendant DirecTV, LLC ("DirecTV"), alleging that DirecTV "quot[es] its customers one price and then, after installing service, bill[s] them at a higher price." (Docket No. 1 [Complaint ("Compl.")] ¶ 1.) Plaintiffs allege that the Court has diversity jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). (Id. ¶ 6.) However, because the allegations as to both Plaintiffs' and Defendant's citizenship in the Complaint are deficient, the Court cannot determine whether diversity jurisdiction exists in this case. Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not dismiss this action for lack of subject matter jurisdiction.

  Diversity jurisdiction under CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). That is, diversity is satisfied if "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." Id. (emphasis added). A "natural person's state citizenship is . . . determined by her state of domicile, not her state of

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10931 GAF (VBKx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Phebe Bohart et al v. DirecTV LLC et al | | |

residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). And "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Finally, "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

      Here, Plaintiffs allege that Plaintiff Bohart "resides in Los Angeles, California," and that Plaintiffs Hicks and Dimanno "reside in Ventura, California." (Compl. ¶¶ 9–11.) These allegations are insufficient to permit the Court to determine whether it has jurisdiction over this action pursuant to CAFA because, as set forth above, a natural person's "domicile" is the relevant jurisdictional inquiry, not merely his or her residence. See Mantin v. Broad. Music, Inc., 244 F.2d 204, 206 (9th Cir. 1957) (finding allegation that Plaintiff was "residing in the County of Los Angeles, State of California" failed to establish Plaintiff's citizenship and thus diversity jurisdiction did not exist).

      Plaintiffs' allegations as to Defendant's citizenship are similarly deficient. As an initial matter, it is unclear whether DirecTV is an LLC or a corporation for purposes of diversity jurisdiction. The caption of the Complaint refers to DirecTV as both an LLC and a corporation, and Plaintiffs allege in the Complaint that DirecTV is "a corporation with its principal place of business in El Segundo, County of Los Angeles, State of California." (Compl. ¶ 11.) Irrespective of whether DirecTV is a corporation or an LLC, Plaintiffs' allegations are deficient. If DirecTV is an LLC, Plaintiffs must allege the citizenship of every state of which its owners/members are citizens. See Johnson, 437 F.3d at 899. If, however, DirecTV is a corporation, Plaintiffs must allege DirecTV's state of incorporation and not merely its principal place of business.

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10931 GAF (VBKx) | Date | April 16, 2013 |
|---|---|---|---|
| Title | Phebe Bohart et al v. DirecTV LLC et al | | |

      The Court is thus without sufficient information to determine whether diversity jurisdiction under CAFA exists in this case.  Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE by close of business April 22, 2013,** why the Court should not dismiss this action for lack of subject matter jurisdiction.  **Failure to respond to this order will be deemed consent to dismissal of the action.**

      **IT IS SO ORDERED.**